PER CURIAM.
The appellants, who were the defendants below, have appealed from a judgment rendered against them, based on a jury verdict which awarded certain damages to the plaintiffs Major E. Threlkeld and Tortuga Marine Salvage Corporation. This is the second appearance of the case here. See 201 So.2d 614.
The plaintiff corporation showed no basis for recovery from the operations of the vessel “Lucy” on the government contracts involved. That corporation had entered into a prior charter of the vessel for its use in performance of a certain government contract which then was being sought, but which contract with the government was not obtained. Therefore, to the extent that the judgment was rendered in favor of Tortuga Marine Salvage Corporation, it is reversed and set aside.
*315 In arriving at the amount of damages allowed, the jury necessarily accepted Threlkeld’s claim that he was entitled to the compensation he would have earned had he served as master of the vessel, in addition to allowing to Threlkeld an amount representing a one-fourth interest in the proceeds shown to have been derived from the government contracts involved, which amounted to approximately $30,000.
The appellants contend, and we agree, that while there was evidence that there had been an agreement for Threlkeld to act as master of the vessel if used on an initial government contract, which was sought by the parties and not obtained, there was no showing that he was so engaged with reference to the contracts subsequently obtained. The inclusion of an award therefor in the verdict was without foundation in the record and was contrary to the evidence.
However, the verdict and judgment in favor of Threlkeld are supportable to the extent that they granted and included damages for his claim of one-fourth interest and right to share to that extent in the proceeds of said government contract operations. That Threlkeld had such interest therein was not without the support of some competent substantial evidence. The proceeds in which Threlkeld could have been found by the jury to be entitled to so share were represented by the amounts received as “salary” by the other two individuals who owned the vessel and three-fourths interest in the contracted for operations, there being no other profits for the period involved, but rather an operating loss. The net amount derived from the operations on the contracts involved was shown on the record to be $121,454, of which one-fourth was $30,383.66.[1]
Accordingly the judgment rendered in favor of Threlkeld is hereby modified by reducing that judgment to the sum of $30,-383.66, plus the costs allowed, and as so reduced and modified is affirmed.

. The record discloses the following figures.
For 1961, withdrawn as salaries $1,300.00, with an operating loss of $16,998.00.
For 1962, withdrawn as salaries $20,-880.00, with an operating gain of $18,-050.00.
For 1963, withdrawn as salaries $36,000.-00, with operating loss of $4,018.
For 1964, withdrawn as salaries $32,-750.00, with operation gain of $2,690.00.
For 1965, withdrawn as salaries $30,800.-00, with no gain shown.